United States District Court
Southern District of Texas
**ENTERED**
May 13, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOSSEIN FARSHCHI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1692 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Hossein Farshchi ("Farshchi") sued Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in the 295th Judicial District Court of Harris County, Texas.[1] Wells Fargo removed to this court.[2] Pending before the court is Defendant's Motion to Dismiss and Brief in Support ("Motion to Dismiss") (Docket Entry No. 10). For the reasons stated below, the Motion to Dismiss will be granted, and this action will be dismissed with prejudice.

### I.   Factual Allegations and Procedural Background

In January of 2008, Farshchi purchased property at 12023 Lismore Lake Drive, Cypress, Texas, 77429 in Harris County, Texas (the "Property").[3]  Wells Fargo financed Farshchi's purchase and

---

[1]See Plaintiff's Original Petition and Application for TRO ("Petition"), Exhibit E to Notice of Removal, Docket Entry No. 1-5.

[2]See Notice of Removal, Docket Entry No. 1.

[3]See Petition, Exhibit E to Notice of Removal, Docket Entry (continued...)

services the mortgage.[4]    At some point Farshchi apparently defaulted on his mortgage payments, and Wells Fargo sent a notice of foreclosure sale scheduled for May 5, 2015.[5]   Farshchi alleges that "the parties were working on modifying the mortgage payment to avoid foreclosure, as Wells Fargo agreed to reduce the amount of the monthly mortgage payment, as consequently, Wells Fargo withdrew its May 5th 2015 foreclosure."[6]

---

[3](...continued)
No. 1-5, p. 3 ¶ 7; Deed of Trust, Exhibit 1 to Petition, Docket Entry No. 1-5, pp. 15-39 (Charlotte Farshchi also signed the Deed of Trust as a borrower).   Two affidavits are attached to the Petition.  The Affidavit of Hossein Farshchi ("Farshchi Affidavit") states: "I am the owner of the property located 12023 owner of the property located at 1107 Lismore Lake Driver, Cypress, Texas 77429."  Exhibit 1 to Petition, Docket Entry No. 1-5, p. 10 ¶ 1. The Affidavit of Abdee Sharifan ("Sharifan Affidavit"), the tenant occupying the Property at least from October 1, 2014, to June 1, 2015, states: "I am the residential tenant at the property located 12023 owner of the property located at 1107 Lismore Lake Driver, Cypress, Texas 77429."  Exhibit 2 to Petition, Docket Entry No. 1-5, p. 40 ¶ 1.  Sharifan refers to "1107 Lismore Lake Driver" three more times without reference to 12023.  Id. ¶¶ 3-5.

[4]See Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 3 ¶ 7.

[5]See id. at 4 ¶ 9 (The Petition does not state that Farshchi was behind on mortgage payments, but does allege that the parties were discussing modification to avoid foreclosure.).  See Notice of Substitute Trustee Sale scheduled for May 5, 2015, Exhibit 1 to Petition, Docket Entry No. 1-5, pp. 13-14.

[6]See Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 4 ¶ 9; see Farshchi Affidavit, Exhibit 1 to Petition, Docket Entry No. 1-5, p. 10 ¶ 5 ("I did a receive notice of foreclosure of the property which was to take place on May 5th 2015 . . . but did not take place.  The reason it did not take place is that Wells Fargo Bank agreed to reduce my mortgage payments.  The bank and I were in communication regarding the amount the mortgage
(continued...)

Wells Fargo later scheduled another foreclosure sale for June 2, 2015.[7] Farshchi alleges that Wells Fargo did not serve him with twenty-one days notice of this June 2, 2015, sale as required by Texas Property Code § 51.002(b)(3).[8] The tenant at the Property did not receive notice of the scheduled foreclosure.[9] Farshchi discovered that a sale was scheduled for June 2, 2015, when "he received [a] solicitation letter for legal counsel in the mail relating to the trustee's sale."[10] Farshchi filed this action on June 2, 2015, asserting causes of action for breach of contract and "wrongful foreclosure and fraud," and seeking a temporary restraining order, temporary injunction, and permanent injunction.[11]

---

[6](...continued)
payments would be reduced to, and I was never advised . . . that on June 2nd 2015, the property would be foreclosed on when Wells Fargo had already agreed to reduce the amount of my monthly mortgage payments.     Wells   Fargo   also   withdrew   it   May   5th   2015 foreclosure.").

[7]See Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, pp. 3 ¶ 8; 4-5 ¶ 9.

[8]See id. at 4-5 ¶ 9.

[9]See id.; Sharifan Affidavit, Exhibit 2 to Petition, Docket Entry No. 1-5, p. 40.

[10]Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 5 ¶ 9; see Farshchi Affidavit, Exhibit 1 to Petition, Docket Entry No. 1-5, p. 10.

[11]See Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, pp. 2, 5-8.  Wells Fargo filed the Motion to Dismiss on March 25, 2016.  Farshchi has not responded.  See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21
(continued...)

The state court issued a temporary restraining order enjoining the sale that day.[12]

## II.   **Standard of Review**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as

---

[11](...continued)
days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond will be taken as a representation of no opposition.").

[12]See Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5; Temporary Restraining Order, Cause No. 2015-31325 in the 295th Judicial District of Harris County, Texas, Exhibit G to Notice of Removal, Docket Entry No. 1-7.  See 330 Cedron Trust v. Citimortgage, Inc., Civ. Action No. SA-14-CV-933-XR, 2015 WL 1566058, at *2 (W.D. Tex. April 8, 2015) (taking judicial notice of state court documents "that are a matter of public record" attached to a motion to dismiss and notice of removal by the defendant bank in a mortgage foreclosure case); Morlock, L.L.C. v. JPMorgan Chase Bank, N.A., Civ. Action No. H-13-0734, 2013 WL 5781240, at *1 n.12 (reviewing a 12(b)(6) motion to dismiss and acknowledging the state district court's temporary restraining order attached to the defendant's notice of removal); Joseph v. Bach & Wasserman, L.L.C., 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (taking judicial notice of "the document referenced" because "a pleading filed with a Louisiana state district court . . . is a matter of public record." (citations omitted)).

true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 127 S. Ct. at 1965). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966). When considering a motion to dismiss, courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." Flynn v. State Farm Fire and Casualty Insurance Co. (Texas), 605 F. Supp.

2d 811, 820 (W.D. Tex. 2009) (citing <u>Neitzke v. Williams</u>, 109 S.
Ct. 1827, 1832 (1989)).  "If the allegations . . . show that relief
is barred by the applicable statute of limitations, the complaint
is subject to dismissal for failure to state a claim."  <u>Jones v.
Bock</u>, 127 S. Ct. 910, 920-21 (2007); <u>see also</u> <u>Cooley v. Deutsche
National Trust Co.</u>, Civ. Action No. 3:14-CV-1181-D, 2014 WL
2475895, at *1-2 (N.D. Tex. June 3, 2014).

### III.  <u>Analysis</u>

**A.   Breach of Contract**

Farshchi alleges that "[t]he Plaintiff is a beneficiary of a
valid enforceable contract between him and the Defendant wherein
the Defendant agreed to modify and lower the mortgage payments.
The parties were in the process and negotiating this and the
Plaintiff was never told by the Defendant or the trustee that the
property would be foreclosed on June 2nd 2015."[13]  Wells Fargo
argues that the statute of frauds precludes Farshchi's claims based
on promises not to foreclose, to delay foreclosure, or to modify
the loan.[14]  Wells Fargo also argues that Farshchi has not alleged
any of the requisite elements for a breach of contract claim, and
thus this claim fails as a matter of law.[15]

---

[13]Petition, Exhibit E to Notice of Removal, Docket Entry No.
1-5, pp. 5-6 ¶ 12.

[14]<u>See</u> Motion to Dismiss, Docket Entry No. 10, pp. 3-4.

[15]<u>See</u> <u>id.</u> at 8-10.  Wells Fargo also argues that "[a]n
agreement that is being negotiated is not a valid and enforceable
(continued...)

-6-

In Texas, a loan agreement for more than $50,000 is not enforceable unless it is in writing and signed by the party to be bound. <u>See</u> Tex. Bus. & Com. Code Ann. § 26.02(b).[16] Similarly, a contract for the sale of real estate must be in writing and signed by the person to be charged. <u>Id.</u> § 26.01(a), (b)(4). "An agreement regarding the transfer of the property or modification of a loan must therefore be in writing to be valid." <u>Martins v. BAC Home Loans Servicing, L.P.</u>, 722 F.3d 249, 256 (5th Cir. 2013). Likewise, "[a]n agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." <u>Milton v. U.S. Bank National Association</u>, 508 F. App'x 326, 328-29 (5th Cir. 2013) (citations omitted). "[W]here . . . Plaintiff does not allege that Defendants promised to sign a prepared document that comports with Texas's statute of frauds, this omission is fatal to Plaintiff's claim and is a proper basis for dismissal on a Rule 12(b)(6) motion." <u>Johnson v. Wells Fargo</u>

------

[15](...continued)
contract . . . [because] there could [be] no meeting of the minds." <u>Id.</u> at 9. "The elements of a valid contract are (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." <u>Prime Products, Inc. v. S.S.I. Plastics, Inc.</u>, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (citation omitted).

[16]"'Loan agreement' means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation. . . ." Tex. Bus. & Com. Code Ann. § 26.02(a)(2).

Bank, NA, 999 F. Supp. 2d 919, 928 (N.D. Tex. 2014) (citing Miller
v. BAC Home Loans Servicing, L.P., 726 F.3d 717, 726 (5th Cir.
2013) and Hernandez v. U.S. Bank, N.A., Civ. Action No.
3:13-cv-2164-0, 2013 WL 6840022, at *7 (N.D. Tex. Dec. 27, 2013)).[17]

Farshchi borrowed $360,000 from Wells Fargo to purchase the
Property and secured that loan with the Property.[18] The statute of
frauds thus applies to the loan and any modifications. See Stolts
v. Wells Fargo Bank, NA, 31 F. Supp. 3d 876, 881 n.3 (S.D. Tex.
2014) ("Even if Plaintiff had pleaded an implied promise by Wells
Fargo not to foreclose while considering the loan modification, .
. . such a promise would be subject to the Statute of Frauds since
it would modify the underlying mortgage agreement's foreclosure
terms. Modifications to mortgages exceeding $50,000 are subject to
the statute of frauds. . . . ."). Farshchi does not allege that
Wells Fargo signed or promised to sign a written agreement that

---

[17]"Texas law . . . holds that when a plaintiff attempts to
enforce an oral agreement subject to the statute of frauds, for
promissory estoppel to create an exception to the statute of
frauds, there must have been a promise to sign a written agreement
that had been prepared and would satisfy the statute of frauds."
Montalvo v. Bank of America Corp., 864 F. Supp. 2d 567, 582-83
(W.D. Tex. 2012) (citing 1001 McKinney Ltd. v. Credit Suisse First
Boston Mortgage Capital, 192 S.W.3d 20, 29 (Tex. App.—Houston [14th
Dist.] 2005, pet. denied)); Ellis v. PNC Bank, N.A., Civ. Action
No. 4:11-CV-03990, 2012 WL 2958266, at *3 (S.D. Tex. July 19,
2012).

[18]See Petition, Exhibit E to Notice of Removal, Docket Entry
No. 1-5, p. 3 ¶ 7; Deed of Trust, Exhibit 1 to Petition, Docket
Entry No. 1-5, pp. 15-17.

complies with the Texas statute of frauds.[19]  The statute of frauds

therefore prevents Farshchi from enforcing an alleged oral

agreement to modify his mortgage or delay foreclosure.  See

Martins, 722 F.3d at 256-57; Bank of Texas, N.A. v. Gaubert, 286

S.W.3d 546, 556 (Tex. App.—Dallas 2009, pet. dism'd w.o.j.).

Additionally, Farshchi has not pleaded all elements of a

breach of contract cause of action, which are "(1) the existence of

a valid contract; (2) performance by the plaintiff; (3) breach of

the contract by the defendant; and (4) damages sustained by the

plaintiff as a result of the breach." Sport Supply Group, Inc. v.

---

[19]See Petition, Exhibit E to Notice of Removal, Docket Entry
No. 1-5, pp. 4-5 ¶ 9 ("However, the parties were working on
modifying the mortgage payment to avoid foreclosure, as Wells Fargo
agreed to reduce the amount of the monthly mortgage payment, as
consequently, Wells Fargo withdrew its May 5th 2015 foreclosure.");
id. at 5-6 ¶ 12 ("The Plaintiff is a beneficiary of a valid
enforceable contract between him and the Defendant wherein the
Defendant agreed to modify and lower the mortgage payments.  The
parties were in the process and negotiating this and the Plaintiff
was never told by the Defendant or the trustee that the property
would be foreclosed on June 2nd 2015.").  The statement that
"Plaintiff is a beneficiary of a valid enforceable contract" is a
legal conclusion that the court should not consider for purposes of
a 12(b)(6) motion to dismiss.  See Iqbal, 129 S. Ct. at 1949-50
("[T]he tenet that a court must accept as true all of the
allegations contained in a complaint is inapplicable to legal
conclusions.  Threadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not suffice."
(citing Twombly, 127 S. Ct. 1964-65)); Sias v. Wells Fargo Bank,
N.A., No. EP-12-CV-417-PRM, 2013 WL 8476169, at *4 (W.D. Tex. July
1, 2013) ("However, Plaintiffs' well-pleaded allegations, even
taken as true, do not demonstrate that such a [loan modification]
contract ever plausibly existed.  Although Plaintiffs assert that
'[a] valid contract was formed, with a meeting of the minds, offer,
acceptance, and consideration,' the Court is 'not bound to accept
as true a legal conclusion couched as a factual allegation.'")
(citations omitted).

Columbia Casualty Co., 335 F.3d 453, 465 (5th Cir. 2003) (citations omitted).  A plaintiff who has defaulted on his mortgage payments cannot establish performance, the second element.  See Brown v. Wells Fargo Bank, N.A., Civ. Action No. H-13-3228, 2015 WL 926573, at *3 (S.D. Tex. March 4, 2015) (citing Owens v. Bank of America, NA, Civ. Action No. H-11-2552, 2012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012)).  The Petition indicates that Farshchi was in default before Wells Fargo scheduled either foreclosure sale. Thus, he cannot maintain a breach of contract claim under Texas law.  See Kaechler v. Bank of America, N.A., Civ. Action No. H-12-423, 2013 WL 127555, at *3-4 (S.D. Tex. Jan. 9, 2013).

**B.  Wrongful Foreclosure and Fraud**

In a cause of action labeled "Wrongful Foreclosure and Fraud," Farshchi alleges that:

> The Defendant's failure to comply with state foreclosure laws is per se a wrongful foreclosure.  The Defendant is committing fraud by attempting to foreclose on property the Plaintiff has owned since 2008 — eight years without providing proper notice and without advising the Plaintiff of its intent to foreclose.  The representations made to the Plaintiffs as the in renegotiating the mortgage payment and withdrawing the May 2015 foreclosure, then attempting to foreclose without advising the Plaintiff make the representations material and false and the Defendants know the basis is false and they are intended to be acted upon by the Plaintiffs who in relied on these false representations by obtaining another loan.  The Defendant is contriving to wrongfully repossess the Plaintiff's property.[20]

------

[20]Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 5 ¶ 11.

-10-

1.   <u>Wrongful Foreclosure</u>

Wells Fargo argues that the wrongful foreclosure claim fails as a matter of law because no foreclosure sale has occurred.[21]  To assert a claim for wrongful foreclosure, a plaintiff must show "(1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price."  <u>Barcenas v. Federal Home Loan Mortgage Corp.</u>, Civ. Action No. H-12-2466, 2013 WL 286250, at *5 (S.D. Tex. Jan. 24, 2013) (citing <u>Sauceda v. GMAC Mortgage Corp.</u>, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)); <u>see also</u> <u>Pollett v. Aurora Loan Services</u>, 455 F. App'x 413, 415 (5th Cir. 2011).  "[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure."  <u>Motten v. Chase Home Finance</u>, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011) (citing <u>Baker v. Countrywide Home Loans, Inc.</u>, No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) (quotations omitted)).  Because recovery for wrongful foreclosure is premised upon loss of possession, a person who never loses possession of the property cannot recover on a theory of wrongful foreclosure.  <u>See</u> <u>id.</u>; <u>Sander v. Citimortgage, Inc.</u>, Civ. Action No. 4:09CV566, 2011 WL 1790732, at *2 (E.D. Tex. Mar. 24, 2011) ("[F]or a plaintiff to have a claim for wrongful foreclosure, the property in question must have actually been sold at a foreclosure sale." (citation

---

[21]<u>See</u> Motion to Dismiss, Docket Entry No. 10, pp. 5-6.

omitted)); <u>Smith v. J.P. Morgan Chase Bank N/A</u>, Civ. Action No.
H-10-3730, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010) ("[E]ven
if a mortgage holder wrongfully attempts foreclosure, there is no
claim for wrongful foreclosure if the mortgagor does not lose
possession of the home." (citation omitted)); <u>Iroh v. Bank of
America, N A</u>, Civ. Action No. 4:15-CV-1601, 2015 WL 9243826, at *4
(S.D. Tex. Dec. 17, 2015).[22]  Courts have rejected arguments based
on lack of proper notice when the sale did not occur.  <u>See, e.g.</u>,
<u>Owens v. BAC Home Loans Servicing, LP</u>, Civ. Action No. H-11-2742,
2012 WL 1494231, at *3 (S.D. Tex. April 27, 2012) (rejecting an
attempted wrongful foreclosure claim when plaintiffs alleged that
the defendants did not provide the notices the Texas Property Code
requires before scheduling the foreclosure sale, but no foreclosure
occurred and plaintiffs still lived in the home).

The Petition states that "Defendant's failure to comply with
state foreclosure laws is per se a wrongful foreclosure."[23]
However, Farshchi has not alleged the elements of a wrongful
foreclosure cause of action because he does not allege that a

---

[22]Farshchi's tenant Sharifan took possession of the Property
on October 1, 2014.  <u>See</u> Sharifan Affidavit, Exhibit 2 to Petition,
Docket Entry No. 1-5, p. 40.

[23]Petition, Exhibit E to Notice of Removal, Docket Entry No.
1-5, p. 5 ¶ 11.

foreclosure sale has occurred.[24]   His claim is for attempted wrongful foreclosure, which Texas law does not recognize. Therefore, this claim will be dismissed.

2.   Fraud

Wells Fargo argues that Farshchi has failed to meet Rule 9(b)'s heightened standards for pleading a fraud claim and that the fraud claim is barred by the economic loss rule.[25]   To allege common law fraud, a plaintiff must plead that "(1) a material representation was made, (2) that the representation was false[] when [it] was made, (3) the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, (4) that the speaker made the misrepresentation with the intent that the other party should act upon it, (5) the party acted in reliance on the misrepresentation, and (6) the party thereby suffered injury." Motten, 831 F. Supp. 2d at 1005 (citing In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001)).   Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."   "Put simply, Rule 9(b) requires

---

[24]"[T]estimony regarding lack of service [of the § 51.002(b)(3) notice] constitutes some evidence of a defect in the foreclosure sale proceedings." See Sauceda, 268 S.W.3d at 139.   However, Farshchi cannot maintain a wrongful foreclosure claim when no foreclosure occurred.

[25]See Motion to Dismiss, Docket Entry No. 10, pp. 6-8.

'the who, what, when, where, and how' to be laid out."  <u>Shandong</u>
<u>Yinguang Chemical Industries Joint Stock Co., Ltd. v. Potter</u>, 607
F.3d 1029, 1033-34 (5th Cir. 2010) (citation omitted).

The Petition states that "Defendant is committing fraud by
attempting to foreclose on property . . . without providing proper
notice and without advising the Plaintiff of its intent to
foreclose."[26]  Farshchi also alleges that "[t]he representations
made to the Plaintiffs as the in renegotiating the mortgage payment
and withdrawing the May 2015 foreclosure, then attempting to
foreclose without advising the Plaintiff make the representations
material and false and the Defendants know the basis is false and
they are intended to be acted upon by the Plaintiffs who in relied
on these false representations by obtaining another loan."[27]  A

---

[26]<u>See</u> Petition, Exhibit E to Notice of Removal, Docket Entry
No. 1-5, p. 5 ¶ 11.  To the extent this allegation ties to the
wrongful foreclosure claim (the paragraph heading is "wrongful
foreclosure and fraud" for this cause of action), "wrongful
foreclosure due to fraud is not a recognized cause of action under
Texas law."  <u>Mandala v. Wells Fargo Bank, N.A.</u>, Civ. Action No.
4:12-2335, 2013 WL 1828022, at *3 (S.D. Tex. April 30, 2013)
(citations omitted); <u>Casey v. Federal Home Loan Mortgage</u>
<u>Association</u>, Civ. Action No. H-11-3830, 2012 WL 1425138, at *4
(S.D. Tex. April 23, 2012).  There are no particulars in the
Petition regarding how Wells Fargo's failure to send Farshchi
notice of the second foreclosure sale (which did not occur)
constituted a material false or reckless misrepresentation made
with the intent that Farshchi should act on it.  And, as discussed
above, he does not allege that he suffered the injury required for
a wrongful foreclosure claim: loss of possession.

[27]Petition, Exhibit E to Notice of Removal, Docket Entry No.
1-5, p. 5 ¶ 11; <u>see also</u> <u>id.</u> at 3-5 ¶¶ 8-9.

-14-

conclusory recitation of the elements of a cause of action will not support a claim under Rule 12(b)(6).  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949, 1954; <u>Choe v. Bank of America, N.A.</u>, Civ. Action No. 3:13-CV-0120-D, 2013 WL 3196571, at *5-6 (N.D. Tex. June 25, 2013); <u>see also</u> <u>Motten</u>, 831 F. Supp. 2d at 997 (holding a fraud claim "fatally deficient because it does not allege any facts nor identify any wrongful conduct by JPMC.  It is composed of conclusory statements that loosely track the elements of a claim for fraud.").

Moreover, Farshchi's allegations cannot satisfy the heightened pleading requirement of Rule 9(b).  The Petition does not "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, [or] explain why the statements were fraudulent."  <u>See</u> <u>Williams v. WMX Technologies, Inc.</u>, 112 F.3d 175, 177 (5th Cir. 1997) (citation omitted); <u>see also</u> <u>Kiper v. BAC Home Loans Servicing, LP</u>, 884 F. Supp. 2d 561, 573 (S.D. Tex. 2012) ("Nor do Kiper's claims of fraud and negligent misrepresentation, i.e., that BAC made statements that it would approve a loan modification or defer foreclosure until the loan modification request was processed, satisfy Rule 9(b)'s particularity requirements requiring clear identification of the challenged statements, the speaker, where and when the statements were made and why the statements are fraudulent.") (citing <u>Owens v. BAC Home Loans</u>, 2012 WL 1494231, at *6)); <u>Garcia v. Universal</u>

Mortgage Corp., Civ. Action No. 3:12-CV-2460-L, 2013 WL 1858195, at *9 (N.D. Tex. May 3, 2013); Iroh, 2015 WL 9243826, at *5.

Wells Fargo also argues that Farshchi's fraud claim is barred by the economic loss rule.[28]  "[T]he economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties."  Clark v. Bank of America NA, Civ. Action No., 2012 WL 4793465, at *5 (N.D. Tex. Aug. 1, 2012) (citing Southwestern Bell Telephone Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991)).  "A claim in tort will not lie when the only injury alleged is for economic damages that are caused by the failure to perform a contract.  Nevertheless, a plaintiff may bring a tort claim if she can establish that she suffered an injury independent of the economic losses caused by the breach of contract."  Id. (citations omitted).  Pursuant to this doctrine the court examines "the source of the duty and the nature of the remedy."  See Kiper, 884 F. Supp. 2d at 573.

"As a result of the Defendants' actions and omissions" Farshchi seeks the following damages: "[r]easonable and necessary attorney's fees for breach of contract related to the agreement and to enjoin the foreclosure."[29]   Wells Fargo's alleged false representations involve modification discussions and foreclosure.

---

[28]See Motion to Dismiss, Docket Entry No. 10, pp. 7-8.

[29]See Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 6 ¶ 13.

-16-

These alleged representations do not give rise to liability independent of Farshchi's contractual relationship with Wells Fargo under the promissory note and Deed of Trust; rather, the "alleged tort damages are economic and arise from claims dependent upon the existence of a contract." Kiper, 884 F. Supp. 2d at 573.  Farshchi has not alleged an independent injury.  See Garcia, 2013 WL 1858195, at *9; Daryani v. Wells Fargo Bank, N.A., 2012 WL 3527924, at *3 (S.D. Tex. Aug. 13, 2012) ("Plaintiffs' fraud claims also fail because they are barred by the statute of frauds and the economic loss rule. . . .  [C]omplaints by Plaintiffs about Wells Fargo's misrepresentations, or their failure to provide information relating to the loan or alleged modification agreement, relate to the parties' contractual relationship, and cannot, as a matter of law, form the basis of a fraud claim." (citing Heil Co. v. Polar Corp., 191 S.W.3d 805, 817 (Tex. App.—Fort Worth 2006, pet. denied)); see also Casey, 2012 WL 1425138, at *3.  For these reasons, Farshchi has failed to state a claim for fraud, and this claim will be dismissed.

## IV.    Conclusions and Order

For the reasons discussed above, Farshchi has not stated any claims upon which relief can be granted in his Petition.

Defendant's Motion to Dismiss (Docket Entry No. 10) is therefore **GRANTED**, and this action will be dismissed with prejudice.[30]

    **SIGNED** at Houston, Texas, on this 12th day of May, 2016.

                                    SIM LAKE
                     UNITED STATES DISTRICT JUDGE

---

[30]"Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." Cook v. Wells Fargo Bank, N.A., Civ. Action No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citation omitted); see Smith v. Wells Fargo Bank, N.A., Civ. Action No. H-14-283, 2014 WL 3796413, at *2 (S.D. Tex. July 31, 2014). Because Farshchi has failed to state a claim for which relief can be granted, the requests for injunctive relief will also be dismissed. See Brittingham v. Ayala, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied) ("An injunction is an equitable remedy, not a cause of action. To obtain an injunction, a party must prove a probable right of recovery through a claim or cause of action. If a claim or cause of action is not alleged, the trial court lacks authority to issue an injunction.") (citations omitted).

-18-